UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVA HERNANDEZ, ET AL.,

Plaintiffs,

-v-

VICTOR CHAVEZ, ET AL.,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/2026

**ORDER**

24-CV-8394 (LAK) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

Upon review of the filings made in connection with the Motion for Joinder of Cristian Piedra Alvarado ("Alvarado") as a Defendant, ECF No. 41, and the First Motion to Consolidate Cases, ECF No. 44, both of which are referred to the undersigned, ECF No. 7, a question has arisen as to whether this Court has subject matter jurisdiction, regardless of how these motions are decided. In order to answer this question, defendant Grauneward Suero ("Suero") is directed to file a sworn declaration addressing his citizenship for purposes of diversity jurisdiction by **March 27, 2026**, and conference is scheduled on **April 8, 2026,** at **11:00 a.m.** in Courtroom 21D at 500 Pearl Street, New York, New York 10007 to discuss the ramifications of Suero's declaration.

This case was removed from state court by defendants Victor Chavez ("Chavez") and Wamka Trucking Corp ("Wamka") based on diversity jurisdiction. ECF No. 1 ¶ 4 (original Notice of Removal). Suero did not join the notice of removal because he had not been served at the time. *See* ECF No. 8 ¶ 8. (Amended Notice of

1

Removal).  Chavez and Wamka stated that defendant Suero was a citizen of Pennsylvania, citing Exhibit A, the state court complaint in the action that was removed, Bronx County Index No. 814416/2024E.  *See* ECF No. 8-1 (state court Summons and Verified Complaint).  According to the Amended Notice of Removal, plaintiffs are both citizens of New York, and Chavez and Wamka are both citizens of New Jersey.  ECF No. 8 ¶¶ 6–7.  Based on these asserted facts, there was complete diversity of citizenship.

Since the case was removed, Suero has appeared.  ECF No. 13.  Suero later filed a separate action in state court, Bronx County Index No. 815577/2025E, in which he sues Chavez, Wamka, and an additional defendant, Alvarado, in connection with the same car accident at issue here.  *See* ECF No. 41-4 (Suero's state court Summons and Verified Complaint).  In his Verified Complaint, Suero alleges that "[a]t all times herein mentioned, [he] was and still is a resident of the County of Bronx County, City and State of New York and resides at 2855 Grand Concourse, Apartment 3C, Bronx, New York 08854."  While residence is not synonymous with citizenship, Suero's verified allegation in his state court complaint suggests that he is a citizen of New York, not Pennsylvania.  If Suero is a New York citizen, there would be no diversity of citizenship in this case, and thus no federal subject matter jurisdiction, because plaintiffs are both citizens of New York.

Because federal courts have limited jurisdiction, "it is incumbent upon this court to raise the question of subject matter jurisdiction *sua sponte* whenever it appears from the pleadings or otherwise that jurisdiction is lacking."  *John Birch*

*Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967).  Accordingly, Suero is directed to file a sworn declaration by March 27, 2026 describing his *citizenship* for purposes of diversity jurisdiction.  *See Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("a statement of the parties' residence is insufficient to establish their citizenship").

A  conference is scheduled on April 8, 2026 to discuss the jurisdictional and procedural ramifications of Suero's sworn declaration.  Additionally, without deciding these issues, the undersigned observes that it is unclear how Suero's state court suit could be removed to federal court in light of the following:  (1) the apparent expiration of the time for removal; (2) Alvarado's presence in the case as a defendant (*see* 28 U.S.C. § 1441(b)(2)); and (3) the apparent lack of authority for this Court to cause removal of Suero's action in the absence of a removal notice being filed by the defendants in that case, which has not occurred (*see* 28 U.S.C. § 1441(a) referring to removal "by the defendant or the defendants").  Thus, the conference will also address whether, assuming there is a basis for federal subject matter jurisdiction in this action, defendants Chavez and Wamka truly prefer to litigate the same accident in two courts rather than one.

## CONCLUSION

Defendant Grauneward Suero is directed to file a sworn declaration addressing his citizenship for purposes of diversity jurisdiction by **March 27, 2026**, and conference is scheduled on **April 8, 2026** at **11:00 a.m.** in Courtroom 21D at 500 Pearl Street, New York, New York 10007.

**SO ORDERED.**

Dated: March 19, 2026
      New York, New York

Henry J. Ricardo
United States Magistrate Judge

4