**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

EVA HERNANDEZ, ET AL.,

                              Plaintiffs,

              -v-

VICTOR CHAVEZ, ET AL.,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/2026

**REPORT AND**
**RECOMMENDATION**

24-CV-8394 (LAK) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

**To the Honorable Lewis A. Kaplan, United States District Judge:**

This action, which concerns an automobile accident, was removed from state court in November 2024 based on diversity of citizenship.  Plaintiffs Eva Hernandez ("Hernandez") and Jeffrey Yojansel Romero ("Romero" and, with Hernandez, "Plaintiffs") seek leave to amend the complaint to add Cristian Piedra Alvarado ("Alvarado") as a defendant, which would destroy complete diversity and require remand of this action to state court.  Defendants Victor Chavez ("Chavez") and Wamka Trucking Corp. ("Wamka Trucking" and, with Chavez, the "Opposing Defendants") oppose the amendment and have cross-moved for the removal of a second state court action involving the same car accident.[1]  For the reasons described below, the undersigned respectfully **RECOMMENDS** that Plaintiffs' motion be **GRANTED** and that the Opposing Defendants' motion be **DENIED**.

─────────────────────

[1] Defendant Grouneward Suero ("Suero") did not take any position on these motions.

1

## I.    BACKGROUND

### A.    Factual Background

The subject of this case is an April 19, 2024 automobile collision that occurred on the southbound Major Deegan Expressway near 161st Street in Bronx County, New York.  *See* ECF No. 41-2.  The accident occurred after a BMW driven by Alvarado stopped in traffic.  *See* ECF No. 41-2.  A Ford, driven by Suero and carrying Hernandez as a passenger, rear-ended the BMW.  *See* ECF No. 41-2.  Then a truck, owned by Wamka Trucking and driven by Chavez, rear-ended the Ford. *See* ECF No. 41-2.  A contemporaneous police report identified all three vehicles involved in the crash.  *See* ECF No. 41-2.  This accident gave rise to two lawsuits, which are described below.

### B.    Procedural Background

Hernandez, who was a passenger in Suero's Ford, filed the first lawsuit on September 12, 2024 in the Supreme Court for Bronx County ("Action 1").  ECF No. 41-1 at 2.  She and her husband, Romero,[2] sued Suero, the driver of the Ford, and Chavez and Wamka Trucking, the driver and owner of the truck that hit the Ford. ECF No. 41-1 at 2.  Plaintiffs did not sue Alvarado, the driver of the BMW hit by the Ford.

On November 4, 2024, which was before Suero was served, the Opposing Defendants removed Action 1 to federal court based on diversity of citizenship.  ECF No. 41-1 at 2; ECF No. 1 at 2.  According to the removal papers, Plaintiffs were both

---

[2] Romero sues for, *inter alia*, loss of consortium.  *See* ECF No. 8-1 at 10-11.

citizens of New York, the Removing Defendants were both citizens of New Jersey, and Suero was a citizen of Pennsylvania. *See* ECF No. 8 at 2 (Amended Notice of Removal). Plaintiffs did not move to remand at the time and the case proceeded to discovery. *See* ECF No. 24 (scheduling order entered after initial case management conference).

In June 2025, Suero filed a separate suit over the same accident in Bronx County Supreme Court, Index No. 815577/2025E ("Action 2"). ECF No. 41-1 at 2.[3] Suero sued two parties associated with the truck that hit his Ford (Chavez and Wamka Trucking) as well as the driver of the BMW that Suero hit (Alvarado). ECF No. 41-1 at 2–3. Thus, in comparison to Action 1, Action 2 omitted the passenger in Suero's car (Hernandez) and her husband (Romero), but added Alvarado.

Two months later, Plaintiffs moved to add Alvarado as a defendant in this case, *i.e.*, Action 1. *See* ECF No. 41. While Plaintiffs acknowledge that they were aware of Alvarado's role in the accident from the outset, they claim they had no reason to believe Alvarado bore any legal liability for the crash until Suero sued Alvarado in Action 2. *See* ECF No. 41-1 at 6. Because the addition of Alvardo as a defendant would destroy diversity, Plaintiffs also seek to remand this case to state court. *Id.* at 5. Plaintiffs say that once this case is remanded, they will move to

---

[3] According to a declaration filed at the undersigned's request, Suero lived in Pennsylvania at the time of the accident, but moved to New York in early June 2025 "with the intention to remain in New York indefinitely." ECF No. 54. Thus, assuming the truth of this declaration, Suero was arguably a Pennsylvania citizen when Action 1 was filed, but he became a New York citizen shortly before filing Action 2.

3

consolidate it with Action 2 so that all claims relating to the same action can be adjudicated in the same case. *Id.* at 6.

The Opposing Defendants oppose the motion, citing undue delay in seeking to add Alvarado and claiming that this motion was filed solely to defeat federal court jurisdiction. *See* ECF No. 43. Also wishing to avoid litigating the same car accident in two different courts, the Opposing Defendants ask this Court to remove Action 2 from state court based on 28 U.S.C. § 1376(a), which provides for supplemental jurisdiction. *See* ECF No. 44.

Thus, both sides of this dispute seek to litigate all claims concerning the April 2024 car accident in the same forum, but Plaintiffs say the forum should be state court while the Opposing Defendants say it should be federal court.

## II.    DISCUSSION

### A.    Opposing Defendants' Cross-Motion to Remove Action 2

Starting with the simpler question, the Opposing Defendants' cross-motion, ECF No. 44, should be denied. Seeking to litigate the entire dispute in federal court, the Opposing Defendants ask this Court to "remove" Action 2 from state court based on supplemental jurisdiction. *Id.* at 2. According to the Opposing Defendants, this Court can exercise supplemental jurisdiction over Action 2 because it involves the same transaction and occurrence and involves common issues of law and fact. *See* ECF No. 44-1, at 5–8.

While the Opposing Defendants accurately describe what this case and Action 2 have in common, it is not possible to remove a state court action based on

4

supplemental jurisdiction.  To start, the Opposing Defendants never explain how they, as defendants in Action 1, can remove an entirely different case to federal court.  To the contrary, 28 U.S.C. § 1441(a) refers to state court actions being removed "by the defendant or the defendants," meaning the defendants in the state court action being removed.  While the Opposing Defendants are defendants in Action 2, they have not filed a notice of removal in that case.  Nor could they because (1) there is not complete diversity of citizenship in Action 2, and (2) even if there were, 28 U.S.C. § 1441(b)(2) would prevent removal because a New York citizen, Alvarado, is a defendant in Action 2.[4]

The Opposing Defendants nonetheless contend that supplemental jurisdiction provides an end-run around these obstacles to the removal of Action 2.  ECF No. 44-1, at 5–6.  28 U.S.C. § 1367(a), which provides the basis for supplemental jurisdiction, states:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

---

[4] 28 U.S.C. § 1441(b)(2) provides that an action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

5

Notably, this statute refers to exercising jurisdiction over claims within *the same action*.  It does not provide a basis for exercising jurisdiction over claims that are pending in an entirely separate action, even one that concerns essentially the same factual and legal issues.  Indeed, it is well-established that

> Supplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint under 28 U.S.C. § 1441(a)—even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.

*Raghavendra v. Stober*, No. 11-CV-9251, 2012 WL 2334538 at *2 (S.D.N.Y. June 18, 2012) (cleaned up) (*quoting Port Auth. of New York & New Jersey v. Allianz Ins. Co.*, 443 F. Supp. 2d 458, 555 (S.D.N.Y. 2006).

The Opposing Defendants' reply in support of their cross-motion does not address or make any attempt to distinguish this authority.  *See* ECF No. 46.  Instead, they cite *Alvarez v. A. Duie Pyle, Inc.*, No. 25-CV-5277, 2025 U.S. Dist. LEXIS 198523 (E.D.N.Y. Oct. 7, 2025), to argue that it is appropriate to exercise supplemental jurisdiction over state court claims where they "all arise out of the same car accident."  ECF No. 46 at 3.  But in that case, there was complete diversity of citizenship, which meant that there was a basis for original jurisdiction.  *Alvarez*, 2025 U.S. Dist. LEXIS 198523, at *7.  Here, there is no basis for original federal

subject matter jurisdiction over Action 2 because there are New York citizens on both sides of the case.[5]

## B.   Plaintiffs' Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that a district court must freely give leave to amend when justice so requires. *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). "While Rule 15(a) generally governs motions to amend, when a proposed amendment would add new defendants, Rule 21 controls." *Sterling Select II Advisory, LLC v. Agus Info. & Advisory Svcs., LLC*, No. 23-CV-2939, 2025 WL 547795 at *2 (S.D.N.Y. Feb. 19, 2025). Rule 21 allows a party to be added or removed "any time, on just terms." *Id.* (quoting Fed. R. Civ. P. 21).

The Opposing Defendants acknowledge that the joinder of Alvarado "on its face appears proper" because "the Plaintiffs' potential claims against [Alvarado] arise out of the same occurrence that serves as the basis for Plaintiffs' current Federal action and would involve common questions of law and fact." ECF No. 43 at 3. Thus, it is undisputed that the addition of Alvarado as a defendant would be proper under Rule 21.

Instead, the Opposing Defendants resist joinder because they claim the "sole motivating factor" in Plaintiffs seeking to join Alvarado is to destroy the basis for diversity jurisdiction. ECF No. 43 at 3. Under 28 U.S.C. § 1447(e), "courts have

---

[5] The plaintiff in Action 2 (Suero) apparently became a New York citizen by early June 2024 and the parties agree that one of the defendants in Action 2 (Alvarado) is a New York citizen. *See* ECF No. 54.

discretion either to deny joinder of a non-diverse defendant and retain jurisdiction, or to permit joinder and remand the case to state court." *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 923 (S.D.N.Y. 1995). In exercising this discretion and determining "whether permitting joinder will comport with principles of fundamental fairness," courts consider the following factors: "(1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiffs' motivation in moving to amend." *Id.*

### 1. The delay and reasons for the delay

For purposes of this motion, delay is measured from the time the action was removed. *Juliano v. Toyota Motor Sales, U.S.A., Inc.*, 20 F. Supp. 2d 573, 576 (S.D.N.Y. 1998). Thus, the relevant delay is approximately nine months representing the time between November 4, 2024, *see* ECF No. 1, when this action was removed from state court, and July 31, 2025, *see* ECF No. 33, when Plaintiffs filed their letter motion requesting a pre-motion conference. The Opposing Defendants cite cases where shorter delays than this weighed against allowing an amendment. *See Sterling Select*, 2025 WL 547795, at *3 (plaintiff's "poorly explained delay of four-and-a-half months therefore weighs against joinder); *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003) (finding that "plaintiff's decision to wait five months to bring this motion is without justification.").

In addition to considering the length of delay, however, this first factor also considers the reason for the delay in seeking joinder. *See Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungmaschinen*, 726 F. Supp. 950, 952 (S.D.N.Y. 1989) (allowing amendment after ten-month delay where there was a credible explanation for the delay). Plaintiffs here offer a plausible explanation for why they did not join Alvarado in the suit initially but now wish to add him. Although Plaintiffs plainly knew of Alvarado's involvement in the accident from the outset, Hernandez was a passenger in Suero's vehicle, *which hit Alvarado's vehicle.* It was logical for Plaintiffs to conclude that they should sue Suero, who drove Hernandez, and Chavez and Wamka Trucking, the driver and owner of the truck that ran into her. But it is understandable why Plaintiffs would not sue Alvarado initially. Suero's car ran into Alvarado's, yet Alvarado never commenced litigation. Adding Alvarado to the mix would likely result in Alvarado asserting claims against Suero, Chavez and Wamka Trucking, placing Alvarado into competition with Plaintiffs for whatever funds those defendants have to pay a judgment.

The development that changed Plaintiffs' calculus was Suero filing Action 2 against Chavez, Wamka Trucking, and Alvarado. As Plaintiffs explain, the summons and complaint filed in Action 2 conveyed to Plaintiffs that Suero intended to claim that Alvarado "negligently operated his motor vehicle, and that said negligence was a proximate cause of the subject accident." ECF No. 41-1 at 3. The fact that Plaintiff has a credible explanation for waiting to join Alvarado distinguishes this case from *Sterling Select*. *See Sterling Select*, 2025 WL 547795,

9

at *4 (plaintiff "provides no detail as to the reasons for its delay or what new facts (if any) it uncovered that were required to join" the additional defendants).

While the length of the delay itself is not dispositive, the delay in this case is relatively long, and this factor weighs against allowing the amendment, but not significantly due to Plaintiffs' credible explanation for the delay.

### 2.   Any resulting prejudice to the defendant

The Opposing Defendants do not identify any prejudice that would result from the amendment and a remand to state court.  They are defendants in both Action 1 and Action 2 and cannot claim that remanding this case would suddenly throw them into the middle of a case that has been proceeding without them.  The absence of any identifiable prejudice weighs in favor of the amendment.

### 3.   The likelihood of multiple litigation

If joinder is denied, there would be two cases in separate courts concerning the same car accident.  Neither side wants this result and each side argues that its motion avoids duplicative litigation and the attendant risk of inconsistent determinations.  ECF No. 44-1 at 7–8; ECF No. 45 at 5.  As explained above, the Opposing Defendants' solution for this problem—removal of Action 2 from state court—is not legally possible.  Thus, the only path that can avoid multiple cases over the same accident is to grant Plaintiffs' motion to amend and to remand this case to state court.  Plaintiffs claim—without rebuttal—that if Action 1 is remanded to state court, it can be consolidated with Action 2, which is pending in the same court.  ECF No. 41-1 at 7.

While this third factor is rarely decisive, it is significant here because *both sides* have argued in favor of having a single action to determine the liability of all parties involved in the July 2024 accident.  ECF No. 44-1 at 7–8; ECF No. 45 at 5.

### 4.    The Plaintiffs' motivation in moving to amend

The fourth factor has been described as the most significant consideration in the fairness analysis.  *See Sterling Select*, 2025 WL 547795, at *5.  "While a desire to have all of one's potential claims consolidated in one action 'would be a permissible motive, a principal desire to destroy federal diversity jurisdiction is an impermissible motive."  *Id.* (*quoting Nazario*, 295 F. Supp. 2d at 364).  An assessment of the plaintiff's motive turns on the circumstances of the case, including its litigation behavior.  *Id.*

The Opposing Defendants contend that this factor weighs in their favor, emphasizing that Plaintiffs have known about Alvarado's involvement in the accident all along, yet waited for nine months after removal to seek to add this diversity-destroying defendant to the case.  *See* ECF No. 43 at 5–7.  They cite cases said to involve similar fact patterns—plaintiffs delaying a motion to amend while fully aware of the defendants they sought to add—where courts found plaintiffs were motived by a desire to avoid federal jurisdiction.  *See Id.* (citing *Sterling Select,* 2025 WL 547795; *Nazario*, 295 F. Supp. 2d 360).

The facts of this case are distinguishable, however, and do not paint a picture of plaintiffs bent on evading federal jurisdiction.  To start, Plaintiffs did not file a motion to remand when the case was removed.  Instead, they participated in an

initial case management conference and the discovery process that followed. *See* ECF Nos. 23–25. These facts suggest that, although it was not their chosen forum, Plaintiffs were not actively seeking ways to escape from federal court. The facts were very different in *Sterling Select*, where the plaintiff sought to amend the complaint soon after the briefing of its motion to remand. *Sterling Select*, 2025 WL 547795 at *5. In *Nazario*, the "application for joinder was made only after plaintiff was denied remand," and plaintiff's litigation conduct completely undermined his asserted desire to litigate his claims in a single action. 295 F. Supp. 2d at 365.

As discussed in connection with the first factor, Plaintiffs only sought to amend after Action 2 was filed, which suggested that Alvarado's negligence might have caused the accident. ECF No. 41-1 at 3. This gave Plaintiffs a proper motive to join Alvarado: the filing of Action 2 raised the possibility that Plaintiffs might need to add Alvarado as a defendant in Action 1 to obtain complete relief. The facts presented here are more consistent with a permissible motive in seeking joinder, as opposed to a motive to defeat federal court jurisdiction. Thus, the fourth factor weighs in favor of granting Plaintiffs' motion.

## III.    CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiffs' motion to amend the complaint and to remand the action to state court, ECF No. 41, be **GRANTED**, and that the Opposing Defendants' cross-motion to remove Action 2 to federal court, ECF No. 44, be **DENIED**.

12

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections.  See Fed. R. Civ. P. 6(a), (b), (d).  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan, United States Courthouse, 500 Pearl Street, New York, New York 10007-1312.  Any requests for an extension of time for filing objections must be directed to Judge Kaplan.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: April 29, 2026
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge

13